MEHRHOF *v.* RODRÍGUEZ ET AL.

APPEAL from District Court of Guayama.

No. 177.—Decided February 6, 1908.

·UNLAWFUL DETAINER—DEFENDANT'S TITLE.—An action of unlawful detainer is not the proper proceeding in which to make allegations which are more or less subject to controversy, and when an allegation is made as a ground for the action that the defendant is a tenant at sufferance, and he, as a defense, alleges that he is in possession as the owner of the property, and produces proof of this fact at the trial, and it is shown that he is not a tenant at sufferance, the complaint must be dismissed but the question of the ownership of the property, which must be determined in an ordinary action, is not in any wise prejudged thereby.

ID.—POSSESSION UNDER TITLE IN FAVOR OF ONE OF THE DEFENDANTS.—In this case one of the defendants has shown that he possesses the property under color of title, and the other defendants appearing herein maintain that the lands upon which they live belong to the former. *Held:* That possession under title by one defendant favors the other defendants in respect to the plaintiff to invalidate the action which he brings.

The facts are stated in the opinion.

*Mr. Bernardini* for appellant.

The·respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On March 6 of last year, Albert Godwin Mehrhof brought an action of unlawful detainer in the District Court of Guayama against Sandalio Rodríguez, Julian de Jesús, Ceferino Ortiz, Francisco Torres, Josefa Rivera, Josefa Rodríguez, Toribio Santiago, Asunción Llera, Ceferino Febo, Marcelo Cartagena, Cecilio Rivera, Bautista Reyes, and Antonio Pomales, praying that after compliance with the formalities of law final judgment be rendered adjudging the defendants to vacate the premises described in the complaint within a term of 20 days, with the warning that they would be ejected by the marshal if they should fail to do so within the period fixed, and taxing the costs against them.

The plaintiff alleges as the fundamental facts of his action the following:

1. That by public deed executed by the Acting Governor of Porto Rico, Regis H. Post, before Juan de Guzmán Benítez, a notary of this city, under date of December 18, 1906, the plaintiff acquired from The People of Porto Rico the ownership of a rural estate situated in the *barrio* of Quebrada Yaguas in the municipal district of Salinas, having an area of 30 hectares, 66 ares, 93 centares, and three decimeters square, equivalent to 65.17 *cuerdas* in the measurement locally used in the country; bounded on the north by the Abey River, on the east by lands belonging to Julio Brenes, on the south by other lands belonging to Julio Brenes and lands belonging to the Estate of Juana Morales, and on the west by lands belonging to the plaintiff himself, which estate is recorded in the Registry of Property of Guayama.

2. That the said estate was surveyed after the adjoining owners had been cited thereto by a technical commission appointed by the Department of the Interior of the Government of Porto Rico, and was inclosed on all sides with a three-strand barbed-wire fence.

3. That the defendants have been living within the inclosed perimeter of the estate by mere tolerance of the plaintiff, without paying any rental or other consideration whatsoever—that is to say, at sufferance.

4. That the defendants have been requested by the plaintiff in a friendly manner to vacate the estate and leave it at his free disposition, without the result sought having been attained.

The defendants, Sandalio Rodríguez, Julian de Jesús, Ceferino Ortiz, Francisco Torres, Josefa Rivera, Josefa Rodríguez, Toribio Santiago, Asunción Llera, Cecilio Rivera, Bautista Reyes, and Marcelo Cartagena, contested the proceedings and made answer to the complaint, alleging that they neither deny nor accept as true the first and second allegations therein contained, but they deny both the fourth and the third, the 10 defendants mentioned alleging in lieu thereof that they are living thereon, cultivating and enjoying a rural estate consisting of a tract of land of 12 *cuerdas,* equivalent to 4 hectares, 71 ares, and 64 centares, situated in the *barrio* of Abey, of Salinas; bounded on the north by the river, on the south by property belonging to Juan Boyer, on the east by lands of Julio Brenes, and on the west by lands formerly belonging to Clemente Rodríguez, now to the plaintiff, Mehrhof, which tract of land is the property of the defendant, Sandalio Rodríguez, and his brothers, Juan José, Pío, and Ramón Rodríguez y Colón, who acquired it in common and in undivided shares by inheritance on the death of their mother, María Antonia Colón de Rodríguez, which occurred on November 28, 1888, under the will which she made on October 5 of said year, as shown in the Registry of Property of Guayama, said tract of land being the remainder of a rural estate consisting of 150 *cuerdas* belonging to said María Antonio Colón, also recorded in the said registry; and with reference to the defendant, Cartagena, he does not live on the estate of the plaintiff either, but on land which he cultivates and which

is part of a rural estate of 80 *cuerdas,* equivalent to 31 hectares, 44 ares, and 38 centares, situated in the *barrio* of Quebrada Yaguas, in the municipal district of Salinas, district of Abey; bounded on the east by property belonging to the Estate of Juan Boyer, on the west by property of Francisco Bruno, on the north by lands belonging to María Antonio Colón, and on the south by property of Francisco Bruno, which estate is the property of Juana Morales Rivera, now her estate, and is also recorded in the registry of property.

The trial having been held, and the defendant, Antonio Pomales, not appearing, judgment in default was rendered against him, sustaining the complaint and ordering him to vacate the estate in question in the form prayed for in the complaint; and with respect to the other defendants, the court, by judgment of April 26, 1907, in view of the findings on the evidence, dismissed the complaint, with the costs against the plainitff, on the legal ground that an action of unlawful detainer was not the proper action in which to render any decision as to more or less controverted rights of property.

Counsel for the plaintiff took an appeal from said judgment to this Supreme Court on the following 1st of May on the following grounds: (1) That he has a right to prosecute an action of unlawful detainer because he is the owner of the tract of land to which said proceedings refer and because he has it recorded in the registry of property, being therefore comprised under the first section of the act establishing unlawful detainer proceedings approved March 9, 1905; (2) That the proceeding of unlawful detainer brought lies against the defendants, because it was shown at the trial that they were retaining the material possession of said land and enjoying it at sufferance, without paying any rental or other consideration whatsoever, which is the case referred to in section two of said act.

Let us examine the evidence presented at the trial.

For the purpose of establishing the ownership to the tract of land described in the complaint the plaintiff, Mehrhof, submitted a copy of the deed executed in his favor on December 18, 1906.

In this deed one party is Vicente Balbás y Capo, on behalf of Albert Godwin Mehrhof, and the other party, the then Acting Governor of Porto Rico, Hon. Regis H. Post, in compliance with the provisions of the Act approved March 8, 1906, "authorizing the Governor of Porto Rico to convey to Mr. Albert Godwin Mehrhof the rights which The People of Porto Rico may have over certain lands, the inchoate title to which is alleged to be derived through Anecto Caballero."

This deed is called by both parties an assignment of rights, and the facts alleged therein include the following: (1) That by public deed executed in Guayama on December 12, 1905, Anecto Caballero and his wife, Belén Amadeo, assigned, renounced and conveyed to Albert Godwin Mehrhof the rights and interests which they alleged to enjoy as owners of 98 *cuerdas* and 5,600 square *varas* of land situated in the *barrio* of Quebrada Yaguas, in the municipal district of Salinas, occupied by María Antonia Colón, which were declared State lands, said lady being granted the right to acquire the lands by agreement with the State; (2) That according to a report made on November 17, 1906, to the Commissioner of the Interior by Armando Morales, the Chief of the Division of Public Lands, record No. 62, page 177, contains a certificate to the effect that the said María Antonio Colón de Rodríguez had been given the right to acquire by agreement with the Treasury a surplus of 98 *cuerdas,* 5,266 *varas,* page 51, division 60, of the Archives of the Bureau of Public Works, which resulted when the survey and measurement was made of the State forests Lapa and Quebrada Yaguas, in the municipal district of Salinas, which surplus of land was occupied by María Colón de Rodríguez, such rights having passed to her heirs upon her death; (3) That by public deed of March 5,

1890, Ramón Rodríguez, as the owner of a one-fourth interest in said rights acquired by inheritance from his parents, Clemente Rodríguez and María Antonio Colón, and of the remaining three-quarters by purchase from his brothers, Juan José, Sandalio, and Pío Rodríguez y Colón, according to public deed of August 23, 1890, conveyed such rights by deed of purchase and sale to Anecto Caballero; (4) That it appears from said report of November 17, 1906, that a resurvey and remeasurement of the land in question having been made its area was found to be 30 hectares, 66 ares, 93 centares and three centimeters square, equivalent to 65.17 *cuerdas,* said land being the same as that described in a certificate issued on November 15, 1906, by the Commissioner of the Interior for the purpose of the execution of the deed in favor of Albert Godwin Mehrhof, which certificate contains an exact description of the boundaries by metes and bounds with relation to a plan of the lands described, the boundaries being the same as described in the complaint; (5) That the Acting Governor of Porto Rico, after a careful examination, with the assistance of the offices of the Attorney General and the Commissioner of the Interior, found that Mehrhof was entitled to the transfer to him of the rights and interests to which the aforementioned act refers, and that The People of Porto Rico had received what it was entitled to therefor, for all of which reasons the said Governor executed the deed in question, and by virtue thereof conveyed to Albert Godwin Mehrhof the rights which The People of Porto Rico might have in said lands.

The defendants who appeared at the trial presented on their part a certificate issued by the Registrar of Property of Guayama in support of the fundamental allegation of the opposition to the complaint, showing that María Antonio Colón de Rodríguez had recorded in her favor in the registry the ownership of a rural estate composed of 150 *cuerdas,* situated in the *barrio* of Abey, in the municipal district of Salinas, by

virtue of purchase thereof from Ramón Soto y Rivera by public deed of January 10, 1883, from which estate María Antonio Colón segregated and sold to Julio Brenes 138 *cuerdas* by deed executed on March 27 of said year, recorded also in the registry, in which deed in connection with the said estate, the will executed by María Antonio Colón on October 5, 1888, was recorded, who, among others, declared as her property 13 *cuerdas* of land situated in Salinas, *barrio* of Abey or Quebrada Yaguas, Estate of Brenes, constituting as her universal heirs her four sons, Juan José, Sandalio, Pío, and Ramón Rodríguez y Colón, the tract of 12 *cuerdas* of land described in the answer to the complaint as the remainder of the estate of 150 *cuerdas* above described, being also recorded in favor of said four heirs in common and in undivided shares.

It also appears from the evidence submitted by the defendants who appeared, that by public deed of November 12, 1888, María Antonio Colón, as the owner of an estate in the municipal district of Salinas, *barrio* of Quebrada Yaguas and district of Abey, consisting of 80 *cuerdas,* which formed part of the 150 bought of Laureano Rivera, sold it to Juan Morales y Rivera, which document was recorded in the Registry of Property of Guayama; and it further appears from marginal notes made on the copy of said deed by the attesting notary, that by deed of April 28, 1899, Juana Morales segregated from the estate 30 *cuerdas* which she sold to Francisco Colón y González, and that by deed of March 10, 1905, Juan Hilario Morales, as the son and heir of Juana Morales, sold five *cuerdas* of said estate to Marcelino Cartagena.

It would be fruitless to examine as a whole the testimony of the witnesses heard as embodied in the statement of facts, because it tends to show that the plaintiff acquired from The People of Porto Rico the 65 *cuerdas* of land the subject of the complaint, that he inclosed the same by means of a wire fence, and that the defendants live and cultivate lands within the inclosed space.

Considering the evidence heard in relation with sections one and two of the act establishing unlawful detainer proceedings, we cannot hold that the action brought lies, because although the plaintiff has presented a deed of assignment of rights and interests, the legal efficiency of which we do not discuss, as a title of ownership to the estate the subject of the proceedings, to establish the character of owner which he alleges, it does not appear that the defendants possess the lands at sufferance which comprise said estate, as alleged in the complaint. This allegation has been contradicted by the defendants, of whom Sandalio Rodríguez and Marcelo Cartagena invoke titles of ownership in support of their possession, the other defendants present maintaining that the lands on which they live belong to Rodríguez and his three brothers, with the specific statement that the rights of ownership of Rodríguez, as well as those of Cartagena, are derived through or immediately from María Antonio Colón, who, according to the title presented by the plaintiff, originally occupied the lands referred to in the deed of assignment of rights and interests from which the ownership of the plaintiff is caused to be derived.

The defendants Rodríguez and Cartagena are not possessors at sufferance, because the titles upon which they base their possession have been brought to the trial, and it is impossible for us to discuss whether they are prior to that of the plaintiff, because such discussion must be reserved for an ordinary action.

In this case it is sufficient for us to state that the alleged possession at sufferance by the defendants Rodríguez and Cartagena has not been established, and that the possession of Rodríguez with title favors the other defendants present in relation with the plaintiff to invalidate the action which he brings. And here we repeat what this court has heretofore said in the case of *Pedro Regalado* v. *Francisco Mendez,* 7 P. R. Rep., p. 531, to the effect that according to a decision

of the Supreme Court of Spain of April 8, 1897, an action
of unlawful detainer is not the proper action in which to make
declarations of rights which are more or less controvertible.
This does not mean, as the appellant appears to understand,
that every allegation of ownership must be reserved for an-
other action, because if possession at sufferance by the de-
fendant is alleged as a ground for the complaint the latter
may very well allege that he holds possession as an owner,
and present proof in court of such ownership, in which case
if it were shown as occurs in this case, that the possession is
not at sufferance, the complaint must be dismissed, without
the result of an ordinary action (in which the parties can dis-
cuss their titles to the estate the subject of the unlawful de-
tainer proceedings) being prejudged thereby.

The opinion of this Supreme Court in the cases of *Acevedo*
v. *López*, 2 P. R. Rep., p. 300; of *Mercado* v. *Vidal*, 2 P. R.
Rep., p. 533, and of *Quiñones* v. *Ledesma*, 2 P. R. Rep., p. 624,
decided respectively on January 18, June 10, and November
3, 1902, are not applicable to this case, because in said cases
the complaint in unlawful detainer was allowed by reason of
the sufferance having been established, but the opinion of this
Supreme Court in the case of *Manuel del Valle Atiles* v.
*Eladio Andreu et al.*, 11 P. R. Rep., p. 398, is applicable to
this case.

In said case the court held:

"We cannot discuss or decide in this action the preference of one
title over another, nor can the plaintiff successfully allege here vio-
lations relating to the probative value of public documents, nor of
other elements of proof, because all that could be considered only
in a proper declaratory action, but not in proceedings of so special and
summary a character as these of unlawful detainer, for the decision
of which it is necessary to start out from the situation as to the facts
in which the plaintiff and the defendant are respectively found.
This doctrine is embodied in a number of opinions of the Supreme
Court of Spain, especially in that of January 4, 1900, which is a
sound doctrine and at least worthy of our respect, because it construed

articles 1564 and 1565 of the law of Spain, equivalent to articles 1562 and 1563 of the Law of Civil Procedure formerly in force in Porto Rico, and we have already seen that the last two articles are exactly identical with the first and second sections of the law of unlawful detainer now in force.''

For the reasons stated the judgment of the District Court of Guayama of April 26 of last year should be affirmed, with the costs of the appeal also against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary,, and Wolf concurred.